[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
The Court has been requested to articulate its decision of May 20, 1992.
Before the Court was a motion for modification which consisted of three parts. The first part was a modification of custody and that was referred to the Family Relations Officer.
The second issue was child support.
Based upon the financial affidavits, the defendant's position was that it should be modified to $75.00 per the guidelines.
The Court was satisfied at the conclusion of the hearing that the child support should be modified to $75.00 per week per the guidelines and placed a note on the file to enter CT Page 10914 same.
Apparently, such a notation was not entered in the file, and therefore the Court is going to order the $75.00 per week child support nunc pro tunc.
The issue of great concern to the Court was the request of plaintiff to have an order on the arrearage of $4,433.00.
It was understood by all that if such an order were to be issued, the defendant would be required to pay such sum out of the $135.00 minimum he was allowed to retain under the federal guidelines. The Court made reference to this issue and indicated it would research the matter before rendering an opinion.
The Court's memorandum indicates that such research found it could not invade the $135.00 allowed to the defendant.
The matter of cohabitation was also heard by the Court. Sufficient evidence, including admission by the plaintiff, convinced the Court that cohabitation as per our statute did exist. Having come to that conclusion, the Court then had the power to suspend or terminate the alimony payments.
The Court recognizes that the memorandum could have been more artfully drafted. However, the suspension of the order mentioned in the memorandum concerns suspension of the alimony payments for seven months.
To recapitulate:
1. Custody referred to Family Relations.
2. Child support reduced to $75.00 per week per the guidelines.
3. Alimony order is suspended for a period of seven months.
4. No order is entered on arrearage.
McGRATH, J. CT Page 10915